IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICKEY LAVELL JENNINGS              §
(BOP Register No. 55384-177),        §
                                     §
            Plaintiff,               §
                                     §
V.                                   §              No. 3:18-cv-3220-N-BN
                                     §
LUPE VALDEZ,                         §
                                     §
            Defendant.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action has been referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from United States District Judge David C. Godbey.

Plaintiff Rickey Lavell Jennings, a federal prisoner, brings claims against former

Dallas County Sheriff Lupe Valdez concerning medical care he received while at the

Dallas County jail from December 2016 to February 2017. *See* Dkt. No. 3.

The Court granted his motion to proceed in *forma pauperis* under the Prison

Litigation Reform Act. *See* Dkt. Nos. 4 & 5. And, on December 10, 2018, entered a

screening questionnaire to determine the nature of his deliberate indifference claim

and the liability, if any, of Sheriff Valdez. *See* Dkt. No. 6.

Through that questionnaire, the Court ordered Jennings to file verified

responses to all questions no later than January 9, 2019 and warned him that "[f]ailure

to provide complete and verified answers to all questions may result in the dismissal

of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id.* at 1.

It is now almost one month past the deadline for Jennings to comply, and he has yet to comply with the Court's order or otherwise contact the Court.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

## Legal Standards and Analysis

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441).

By not responding to the questionnaire, as ordered by the Court, and thereby preventing this action from proceeding, Jennings has failed to prosecute his lawsuit and also has failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that

lesser sanctions would be futile.

The Court is not required to delay the disposition of this case until such time as Jennings decides to comply with the Court's order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

But, considering the applicable statute of limitations, the undersigned recognizes that a Rule 41(b) dismissal of this action now – even without prejudice – could prevent Jennings's bringing, in a future action, civil rights claims based on events that occurred sometime from December 2016 to February 2017. *See, e.g., Wade v. City of Dallas*, No. 3:18-cv-1515-N-BN, 2018 WL 3966358, at *2 (N.D. Tex. July 16, 2018) ("Wade's claim [ ] accrued on April 12, 2015, making the deadline to file a Section 1983 action April 12, 2017 – the date that he filed his first lawsuit in this Court. 'While the filing of a lawsuit normally tolls the period of limitations, dismissal of the lawsuit for want of prosecution, even if the dismissal is without prejudice, leaves that plaintiff in the same position as if the lawsuit had never been filed.' In sum, then, this – Wade's second – lawsuit[, filed no sooner than June 5, 2018,] is time-barred." (quoting *Marrero v. Mosley*, No. 1:07cv119, 2007 WL 4436884, at *2 (E.D. Tex. Dec. 18, 2007) (citing, in turn, *Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Hilbun v. Goldberg*, 823 F.2d 881 (5th Cir. 1987)))), *rec. accepted*, 2018 WL 3964707 (N.D. Tex. Aug. 17, 2018).

Therefore, if during the period for filing objections to the recommended dismissal, Jennings complies with the Court's December 10, 2018 order by filing verified responses to the Court's screening questionnaire, the undersigned will

-4-

withdraw the findings, conclusions, and recommendation.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE