IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY LAVELL JENNINGS (BOP Register No. 55384-177), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-3220-N-BN |
| LUPE VALDEZ, | § § § | |
| Defendant. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND REISSUING SCREENING QUESTIONNAIRE**

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Plaintiff Rickey Lavell Jennings, a federal prisoner, brings claims against former Dallas County Sheriff Lupe Valdez concerning medical care he received while at the Dallas County jail from December 2016 to February 2017. *See* Dkt. No. 3.

The Court granted his motion to proceed in *forma pauperis* under the Prison Litigation Reform Act. *See* Dkt. Nos. 4 & 5. And, on December 10, 2018, entered a screening questionnaire to determine the nature of his deliberate indifference claim and the liability, if any, of Sheriff Valdez. *See* Dkt. No. 6. Through that questionnaire, the Court ordered Jennings to file verified responses to all questions no later than January 9, 2019 and warned him that "[f]ailure to provide complete and verified answers to all questions may result in the dismissal of this case for failure to prosecute

under Federal Rule of Civil Procedure 41(b)." *Id.* at 1.

On February 8, 2019, almost one month past the deadline for Jennings to comply, because he had yet to comply with the Court's order or otherwise contact the Court, the undersigned issued findings of fact, conclusions of law, and a recommendation that the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) [Dkt. No. 7] (the "Rule 41(b) FCR").

Jennings filed objections asserting, under penalty of perjury, that he "was unaware until his receipt of the [Rule 41(b) FCR] that the Court had not received a copy of the court ordered questionnaire." *See* Dkt. No. 9 ("Plaintiff submitted the questionnaire on or about January 6, 2019, through the prison legal mail system to be filed by the Clerk of the Court upon receipt. Officer Hood of the United States Penitentiary in Leavenworth, Kansas was the officer attending the mail room that morning. It was Officer Hood who accepted Plaintiff's legal mail, and stamped it 'received' upon his receipt. It was Plaintiff's honest and earnest belief that the Court had received the questionnaire pursuant to the prison mailbox rule by the Court appointed deadline.").

Given the statute of limitations issue identified in the Rule 41(b) FCR, the undersigned will accept Jennings's sworn statement that he submitted a timely response to the screening questionnaire. The Rule 41(b) FCR is therefore WITHDRAWN. And the Court will REISSUE a screening questionnaire to Jennings, set out below:

To: Rickey Lavell Jennings
BOP Register No. 55384-177
BOP Leavenworth USP
P.O. Box 1000
Leavenworth, KS 66048

DIRECTIONS: Plaintiff Rickey Lavell Jennings must answer the following questions in the space provided for answers and may attach additional pages only if necessary. Plaintiff must also verify the answers to these questions under penalty of perjury on the signature line at the conclusion of these questions and return the completed form to the undersigned United States magistrate judge no later than **April 18, 2019**. Failure to provide complete and verified answers to all questions may result in the dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Plaintiff is also ORDERED, at all times during the pendency of this action, to immediately advise the Court of any change of address and its effective date. A notice of a change of address shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS," shall contain only information regarding the change of address and its effective date, and shall not contain any motion or request for any other relief. Failure to file a Notice to the Court of Change of Address may result in the dismissal of this action for failure to prosecute and obey orders of the Court under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: March 19, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

**QUESTION NO. 1:** You have named the Sheriff of Dallas County, "the head" of the Sheriff's Department, as the defendant, asserting that it is the responsibility of the Sheriff and her staff to ensure the safety of inmates at the jail. The Sheriff may not be liable for civil rights violations on a theory of *respondeat superior*. Thus, unless you allege that the Sheriff individually harmed you, please state what official policy, procedure, or custom you allege, if any, harmed you.

**ANSWER:**

**QUESTION NO. 2:** You have brought claims implicating the medical care that you received at the Dallas County jail.

Not all claims that medical care received was insufficient rise to the level of a constitutional violation. For example, the complaints about the care received must be that better care was necessary, not just desirable. And a constitutional violation only occurs when, objectively speaking, officials acted or failed to act with deliberate indifference to a substantial risk of serious harm. For example, even if officials know of a substantial risk, no constitutional violation may occur if they respond reasonably to that risk, even if the harm is not ultimately averted. So, delays in providing medical care do not rise to the level of a constitutional violation unless the delay results in substantial harm. And an incorrect diagnosis, a disagreement with medical treatment, or a failure to provide additional medical treatment – alone – does not constitute deliberate indifference.

With these standards in mind, please explain how the medical care you received amounted to deliberate indifference, in violation of your constitutional rights.

**ANSWER:**

## VERIFICATION

STATE OF _____ §
§   No. 3:18-cv-3220-N-BN
COUNTY OF _____ §

I understand that a false statement or answer to any interrogatories in this cause of action will subject me to penalties for perjury. I declare (or certify, verify or state) under penalty of perjury that the foregoing answers are true and correct (28 U.S.C. § 1746).

SIGNED on this _____ day of _____, 2019.

_____
Rickey Lavell Jennings, Plaintiff